IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| CASSANDRA L STIEFEL, ) | CASE NO.5:21-CV-00127-WHB |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| v. ) | |
| ) | |
| ) | MEMORANDUM OPINION & ORDER |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| ) | |
| Defendant, | |

**Introduction**

Before me[1] is an action under 42 U.S.C. §405(g) by Cassandra L. Stiefel seeking judicial review of the 2020 decision of the Commissioner of Social Security that denied Stiefel's 2018 application for disability insurance benefits and supplemental security income.[2] The Commissioner has filed the transcript of the administrative proceeding.[3] Under terms of my initial[4] and procedural[5] orders, the parties have briefed their positions[6] and filed supplemental fact sheets and

---

[1] ECF No. 14. The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Solomon Oliver, Jr.
[2] ECF No. 1.
[3] ECF No. 11. Pursuant to Local Rule 16.3.1(d) filing of the administrative record constitutes the Commissioner's answer.
[4] ECF No. 5.
[5] ECF No. 12.
[6] ECF Nos. 16 (Stiefel), 19 (Commissioner), 20 (Stiefel reply).

charts.[7] The parties have met and conferred with the goal of clarifying or reducing the matters at issue.[8] They have participated in a telephonic oral argument.[9]

For the following reasons, the decision of the Commissioner will be affirmed.

### Facts

Stiefel, who was 41 years old at the time of the hearing,[10] has a high school education[11] and has past relevant work experience as an order clerk.[12] She lives with her finance and children, performing "numerous household chores."[13]

The ALJ found that Stiefel's has the following severe impairments: obesity, fibromyalgia, diabetes mellitus with hyperglycemia and diabetic polyneuropathy/peripheral neuropathy, bilateral shoulder adhesive capsulitis, bronchitis, chronic sinusitis, and chronic cough, hypothyroidism, gastroesophageal reflux disease (GERD), esophagitis and gastroparesis, depressive and bipolar disorders, and anxiety disorder.[14] The ALJ also considered 16 other diagnosed impairments that he concluded were non-severe.[15]

The ALJ then addressed the question of whether Stiefel's has an impairment or combination of impairments that meets or medically equals a listing. In that regard, the ALJ specifically considered the opinions of the state agency consultants and then individually addressed Listings 1.02, 3.02, 11.14, 12.04, 12.06 and 14.06.[16] As regards the mental listings, the

---

[7] ECF Nos. 16, Attachment 1 (Stiefel), 19, Attachment 1 (Commissioner).
[8] ECF No. 21.
[9] ECF No.
[10] Tr. at 27, 28.
[11] *Id*. at 27.
[12] *Id*. at 26.
[13] *Id*. at 20.
[14] *Id*. at 18-19.
[15] *Id*. at 19.
[16] *Id*. at 19-20.

ALJ concluded that Stiefel's had mild limitations in the areas of understanding, remembering and applying information, as well as in interacting with others.[17] He further found that Stiefel's had moderate limitations in the areas of concentration, persistence and pace, as well as adapting and managing oneself.[18]

After reviewing the entire record, the ALJ then determined that Stiefel's has an RFC for sedentary work, but with certain additional physical and mental limitations.[19] In formulating that RFC, the ALJ first considered Stiefel's own testimony about the disabling effects of her impairments.[20] Then, he reviewed the clinical evidence that dated from August 2017 through March 2020.[21] Finally, he specifically considered opinion evidence from state agency medical and psychological consultants,[22] records from two providers at Portage Path Behavioral Health[23] and a 2018 psychological consultative examination.[24]

Of these, he concluded that reports from the state agency psychological consultant, the two Portage Path providers and the 2018 psychological consultant were persuasive, in whole or in part.[25] Further, he determined that Stiefel's own testimony was only partially consistent with the evidence.[26] To that point, he found that although Stiefel's complained of ongoing pain and limited motion in her shoulders with decreased sensation in her foot, she nonetheless retained normal strength, reflexes and gait.[27] In addition, he found that her diabetes, gastrointestinal symptoms and

---

[17] *Id*. at 20.
[18] *Id*.
[19] *Id*. at 21.
[20] *Id*.
[21] *Id*. at 22-24.
[22] *Id*. at 24-25.
[23] *Id*. at 25.
[24] *Id*. 25-26.
[25] *Id*.
[26] *Id*. at 26.
[27] *Id*.

"other physical condition[s]" stabilized "to a large degree" with treatment.[28] Finally, as to her mental limitations, he found that despite ongoing depression and anxiety, Stiefel's had "only intermittent irrational thoughts" and otherwise had "intact judgment and insight, and intact cognition."[29]

Stiefel's was then found to be able to do her past relevant work as an order clerk.[30] Alternatively, the ALJ, with the testimony of a VE, found that Stiefel's could perform the duties of document preparer, telephone information clerk and addresser, and that jobs in sufficient numbers existed in these occupations in the national economy.[31]

Thus, Stiefel's was found not disabled.[32]

**Analysis**

Standards of review

This matter is adjudicated under the well-established substantial evidence standard, which need not be re-stated here. Further, the opinion evidence is evaluated under the newer rubric that assesses the persuasiveness of such evidence without regard to a hierarchy related to the nature of the source. That standard also need not be here re-stated.

Adjudication

---

[28] *Id*.
[29] *Id*.
[30] *Id*.
[31] *Id*. at 27.
[32] *Id*. at 28.

Stiefel's raises two arguments. First, that the appointment of the Commissioner violated the separation of powers.[33] Next, that the ALJ in the RFC did not consider the effect of the combination of combination of Stiefel's impairments, particularly the effects of complications from her diabetes and of severe fatigue.[34]

As to the first argument, I note first that I have not found – nor have I been cited to – an example of where a court has agreed with the claimant's contention that (1) Commissioner Saul was unconstitutionally appointed and therefor (2) any decision by an ALJ deriving authority from Commissioner Saul is defective requiring a remand. In fact, this issue was recently the subject of an extensive analysis in *Butcher v. Commissioner*.[35] I hereby adopt the reasoning and conclusions of *Butcher* in this case and find no merit in Stiefel's argument on this point.

As to the second issue, there is no doubt that Stiefel has a number of impairments that impose some work-related limitations. As noted above, the ALJ discussed Stiefel's complaints by acknowledging her testimony and the existence of various specific impairments, but then concluded, for various reasons, that she retained normal functioning in particular areas or had "stabilized" her condition as to other impairments.

Stiefel largely argues that, although the ALJ did discuss her impairments in connection with her work-related limitations, he failed to adequately or coherently explain his analysis.[36] However, as the Commissioner stated in his brief, the ALJ thoroughly discussed whether Stiefel's met the listings at issue here – e.g., Listings 1.02 and 11.14(A),[37] 11.14(B). 12.04

---

[33] ECF No. 16 at 1.
[34] *Id*.
[35] 2021 WL 6033683 (S.D. Ohio Dec. 21, 2021) (R&R), adopted, 2022 WL 523519 (S.D. Ohio Feb. 22, 2022).
[36] ECF No. 20 at 2.
[37] Tr. at 19, 22-24.

and 14.06.[38] In addition, the state agency physician opinions were that Stiefel did not meet a listing.[39] It is well-established that state agency opinions are substantial evidence to support the finding that a claimant has not met a listing.

As to Stiefel's assertion that the ALJ insufficiently articulated his findings in this area, I initially note again the evidence cited above. Moreover, as observed by the Commissioner, there is no heightened standard of articulation for a Step Three analysis.[40]

Finally, as to the contention that the ALJ insufficiently considered the combined effects of Stiefel's diabetes and severe fatigue, I observe that in the discussion of two of the paragraph B criteria, the ALJ discussed Stiefel's intact concentration and ability to handle her own finances and follow the hearing proceedings, as well as care for children and pets in addition to other daily activities.[41] The ALJ further observed that after several medical visits where her diabetes was not controlled, by the fall of 2019, she herself reported that it was stable.[42] Moreover, the ALJ made a point of noting that Erin Bolling, LPCC, one of the professionals who treated Stiefel at Portage Path, found that while Stiefel had a trouble handling personal hygiene due to fatigue, she nonetheless could generally perform daily activities.[43] Finally, the state agency medical reviewers in October 2018 and again in May 2019 concluded that, with various additional limitations – limitations that were extended in the RFC by the ALJ due to "the combination of the claimant's

---

[38] *Id.* at 19-20, 23-24.
[39] *Id.* at 19.
[40] *Forrest v. Comm'r of Soc. Sec.*, 591 Fed. App'x 359, 366 (6th Cir. 2014).
[41] Tr. at 20.
[42] *Id.* at 24.
[43] *Id.* at 25.

physical conditions"– Stiefel could sit for six hours and stand/walk for four hours in an eight-hour workday.[44]

In sum, I find that substantial evidence supports the decision of the Commissioner as to the RFC and in particular as to how the RFC reflects the "combination of the claimant's physical conditions."

## Conclusion

Accordingly, for the reason stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Date: 07/21/22                                                        s/William H. Baughman, Jr.
                                                                      United States Magistrate Judge

---

[44] *Id.* The RFC, as is set forth in the opinion, is for sedentary work with additional limitations.